# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

MANUEL SALAZAR-ESPINOZA.

    Petitioner,

vs.                         CIVIL ACTION NO.: CV213-100

SUZANNE R. HASTINGS,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Manuel Salazar-Espinoza ("Salazar"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Salazar filed a Response. For the reasons which follow, Respondent's Motion should be **GRANTED** and Salazar's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Salazar was convicted in the Southern District of New York of: conspiracy to import cocaine and to distribute cocaine knowing and intending that it would be imported into the United States, in violation of 21 U.S.C. §§ 952(a), 959(a), 960(b)(1)(B)(ii), and 963; distributing cocaine knowing and intending that it would be imported into the United States, in violation of 21 U.S.C. § 959(a); aiding and abetting, in violation of 18 U.S.C. § 2; and conspiracy to launder the proceeds of narcotics trafficking, in violation of 18 U.S.C. § 1956(h). Salazar was sentenced to 360 months' imprisonment. Salazar filed a direct appeal, and the Second Circuit Court of Appeals

affirmed on September 22, 2009. United States v. Rojas, 346 F. App'x 686 (2d Cir. 2009).

Salazar filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and claimed, in pertinent part, that he was actually innocent of money laundering pursuant to United States v. Santos, 553 U.S. 507 (2008). Salazar's section 2255 motion was denied, and it was determined that Salazar defaulted his Santos and Cuellar v. United States, 553 U.S. 550 (2008), claims because these two (2) decisions were made before he filed his direct appeal, yet he failed to raise any arguments based on these cases. The trial judge informed Salazar that, even if he had not defaulted these claims, he failed to demonstrate his actual innocence of the money laundering charges. (Doc. No. 6, p. 5). The Second Circuit denied Salazar's motion for certificate of appealability.

Respondent asserts that Salazar's petition should be dismissed because he does not meet 28 U.S.C. § 2255's savings clause.

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a § 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Salazar has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. He asserts that the remedy afforded under § 2255 is inadequate or ineffective to challenge the legality of his detention because, at the time he filed his section 2255 motion, Santos and Cuellar did not apply to drug trafficking offenses.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Salazar bases the claims set forth in his petition on the Supreme Court's decision in Santos.[1] In Santos, three parts of Justice Scalia's four-part opinion are for a plurality of justices, holding that the rule of lenity was applicable because the term "proceeds" in 18 U.S.C. § 1956 was ambiguous and that "proceeds" referred to "profits", not

---

[1] The undersigned grouped Salazar's Santos and Cuellar claims together as Santos-based claims.

"receipts", in a prosecution involving a stand-alone illegal gambling operation. 553 U.S. at 523.[2]

Salazar fails to present evidence that his claims are based on a retroactively applicable Supreme Court decision because Santos is not applicable to the case at bar. In United States v. Demarest, 570 F.3d 1232 (11th Cir. 2009), the Eleventh Circuit considered the reach of the Santos holding in a case involving the laundering of money gained pursuant to illegal drug trafficking. In declining to expand Santos, the Eleventh Circuit upheld the defendant's conviction, finding that "the narrow holding in Santos, at most, was that the gross receipts of an unlicensed gambling operation were not 'proceeds' under § 1956." Demarest, 570 F.3d at 1242. In so doing, the Eleventh Circuit noted that Justice Scalia's four-part opinion is of "limited precedential value[,]" because three parts of his opinion were "for a plurality of justices, and those parts do not state a rule" applicable to the defendant. Id. The Eleventh Circuit also noted that, "[w]hen a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds[.]" Id. (internal punctuation omitted). As such, Salazar is not able to contend that his claims are based on a retroactively applicable Supreme Court decision because the funds that Salazar laundered were not gross receipts of an illegal gambling operation. Tirado v. United States, No. 09-81532, 2010 WL 5678680, at *9 (S.D. Fla. Dec. 3, 2010), quoting King v. Keller, 372 F. App'x 70, 73 (11th Cir. 2010), for the

---

[2] In Santos, the defendant was convicted of violating federal money-laundering statute 18 U.S.C. § 1956. In an illegal lottery run by Santos, runners took commissions from the bets they gathered and the rest of the money was paid as salary to collectors and to the winning gamblers. Santos was convicted based on the payments to the runners, collectors, and winners.

proposition that Santos only applies to cases involving illegal gambling operations). The evidence instead establishes that the laundered funds were the proceeds of an enterprise engaged in drug importation and trafficking. Id. (noting that the evidence in Demarest's criminal proceedings established that the laundered funds were the proceeds of an enterprise engaged in illegal drug trafficking). Accordingly, Salazar has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied).[3]

Salazar has not shown that his claims are based on a retroactively applicable Supreme Court decision which establishes that he was convicted of a non-existent offense. Nor has Salazar shown that his claims were foreclosed on a previous occasion. In fact, Salazar made these contentions on a previous occasion, and he was unsuccessful. In other words, Salazar has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied). Because Salazar has not satisfied the requirements of § 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. See Wofford, 177 F.3d at 1244 & n.3; see also Dean, 133 F. App'x at 642.

---

[3] As an aside, Salazar does not meet the third prong of Wofford because he has raised Santos-based claims on a previous occasion.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Salazar's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 30th day of October, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)